IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
July 19, 2011 Session

## MARSHA McDONALD
v.
## PAUL F. SHEA M.D. AND SHEA EAR CLINIC

**Appeal from the Shelby County Circuit Court**
**No. CT-003393-05    John R. McCarroll, Jr., Judge**

**No. W2010-02317-COA-R3-CV - Filed February 16, 2012**

### SEPARATE CONCURRENCE AND PARTIAL DISSENT

I agree with the result reached in this case, but I disagree with the majority's statement that "it is unclear whether Juror H was excluded based on a peremptory strike or for cause." The record is unequivocally plain in this case that the trial judge permitted the exercise of a peremptory challenge after the jury had been accepted and the trial was underway.

The trial judge stated to counsel "I think you have a right to do that now [exercise a peremptory challenge]." The court followed by saying, "Since I have ruled that way . . ." He used the past tense, indicating he had already ruled, even counting up the number of *peremptory* challenges which the plaintiff had remaining.

The language of the trial court stating it was "sufficient for a challenge" was not an excusal for cause because at that point the trial court had already ruled. His comments came as a part of a post-ruling discussion of his allowing the peremptory strike. The experienced trial judge, who knew the difference in a peremptory challenge and a challenge or excusal for cause, never used the language "for cause."

In this case, two alternate jurors were accepted. Therefore, I agree under the facts in this particular case that the "case was still tried before a panel of competent, impartial jurors." Dr. Shea had no right to have his case decided by any particular jurors. See *State v. Coleman*, No. M2000-01916-CCA-R3-CD, 2000 WL 125694, at *12 (Tenn. Crim. App. January 31, 2002), *perm. app. denied* (Tenn. June 3, 2002) (citing *State v. Smith*, 857 S.W.2d 1, 20 (Tenn. 1993).

ALAN E. HIGHERS, P.J., W.S.